vail at trial, he has a right of direct appeal following his conviction. At that point, he may raise all of his claims in one appeal and, although his suppression claim would fail in Superior Court, he presumably could seek review of the claim, along with any other claim, in a single allocatur petition to this Court.

When this matter was before us on an allocatur petition, I saw no special and important reason to grant review. Now that the matter has been fully briefed, it is clear to me that such review was improvidently granted. This case involves the supremely fact-bound question of the lawfulness of a particular traffic stop, which led to drug- and DUI-related charges. It resulted in an unpublished memorandum opinion in the Superior Court of no precedential value. There is no suggestion in the briefs, nor was there any suggestion in the allocatur petition, that there have been a rash of traffic stops in the Commonwealth based upon drivers crossing the "fog line" of the highway, such as to justify this Court's expense of resources in discretionary review here. These considerations, weighing against review, exist independently of the very real restraint that the pre-trial posture of the case should pose.

I do not dispute that there may be cases involving pre-trial suppression rulings of such cutting-edge importance that pre-trial review is warranted by this Court. The garden variety claim presented here, however, does not present such a case. Furthermore, the very fact of our review of this type of claim will unduly burden our docket by encouraging further petitions

seeking pre-trial error review of suppression rulings. Accordingly, I would dismiss this appeal as having been improvidently granted.[4]

Nevertheless, since a majority of this Court has determined to hear the appeal, a proper respect for that controlling view obliges me to address the question presented. Were I to reach the question, I would agree with the majority that the Superior Court ruling in this case was erroneous under this Court's decision in *Commonwealth v. Whitmyer*, 542 Pa. 545, 668 A.2d 1113 (1995). I agree with Judge Gavin in the trial court below where he concluded that there was insufficient evidence presented that appellant created any kind of safety hazard by crossing over the "fog line" two or three times.

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ricardo GUERRO (Guerra), Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 15, 2001.

Decided Dec. 6, 2001.

---

4. The majority states that the broader issue involved here is whether the Superior Court has "lowered the standard" for what is sufficient to warrant a stop under the Motor Vehicle Code. The fact that a majority of this Court does not *agree* with a ruling by the Superior Court does not mean that the Supe-

rior Court "lowered" the governing standard. This is error review, pure and simple. Moreover, even if some broader issue were implicated, it will still be present for review, if necessary, *if* and when appellant is tried and convicted.

William M. Shreve, for R. Guerro.

James Patrick Barker, Williamsport, Eric Russell Augustine, Harrisburg, for Commonwealth of Pennsylvania.

Before ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

Chief Justice FLAHERTY did not participate in the consideration or decision of this case.

■

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gregory Philip KENDALL, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 15, 2001.
Decided Dec. 6, 2001.

Carol Anne Redding, Patrick James Redding, Chambersburg, for G. Kendall.

Angela Rosenberry Krom, John F. Nelson, Chambersburg, for Commonwealth of Pennsylvania.

Before ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

Chief Justice FLAHERTY did not participate in the consideration or decision of this case.

Justice ZAPPALA dissents.

■

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Bernard Dale KELLEY, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 11, 2001.

### ORDER

PER CURIAM.

**AND NOW,** this 11th day of December 2001, the petition for allowance of appeal is granted, limited to the issue of whether evidence of digital penetration can sustain a charge of sexual assault where said